**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0049, <u>Agha S. Ahmad v. Federal National Mortgage Association</u>, the court on April 6, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Agha S. Ahmad, appeals an order of the Superior Court (<u>Nicolosi</u>, J.) dismissing his complaint against the defendant, Federal National Mortgage Association (Fannie Mae), in which he seeks to enjoin a foreclosure sale of his residential property. The trial court determined that the case is barred by res judicata. We affirm.

This is the third appeal arising out of the attempted foreclosure sale of the plaintiff's home. In <u>Ahmad v. Chase Home Fin., LLC</u>, No. 2013-0558 (N.H. June 6, 2014) (<u>Ahmad I</u>), we vacated an order dismissing the plaintiff's petition to enjoin a foreclosure sale on the basis that the trial court had erroneously found that the respondent in that case, Chase Home Finance, LLC (Chase), held the mortgage, when in fact Chase had assigned the mortgage to Fannie Mae prior to moving to dismiss. On remand, the plaintiff amended his petition to substitute Fannie Mae for Chase, and to seek a declaratory judgment that Fannie Mae is not entitled to foreclose based upon certain alleged deficiencies that, he claimed, invalidated the relevant instruments. The trial court dismissed the amended petition for failure to state a claim upon which relief may be granted, and in <u>Ahmad v. Fed. Nat'l Mortg. Ass'n</u>, No. 2015-0092, 2015 WL 11082438 (N.H. Aug. 10, 2015) (<u>Ahmad II</u>), we affirmed the dismissal.

Fannie Mae subsequently commenced the foreclosure process, and the plaintiff filed the present action, once again seeking to enjoin the foreclosure on the basis of purported deficiencies in the relevant instruments allegedly depriving Fannie Mae of standing to foreclose. Following a temporary hearing, the trial court dismissed the case, ruling that our order in <u>Ahmad II</u> precluded the plaintiff's claims. On appeal, the plaintiff argues that the trial court erred by: (1) making certain findings in the dismissal order that we vacated in <u>Ahmad I</u>; (2) not addressing certain alleged deficiencies related to a loan modification agreement that the plaintiff also raised or could have raised in <u>Ahmad II</u>; and (3) allegedly relying upon arguments raised by Chase in <u>Ahmad I</u>.

The doctrine of res judicata has developed to avoid repetitive litigation so that, at some point, litigation over a particular matter must come to an end. <u>Eastern Marine Const. Corp. v. First Southern Leasing</u>, 129 N.H. 270, 273

(1987).  The doctrine precludes not only claims that were raised in prior litigation between the same parties, but claims that could have been raised in the prior case.  See id. at 274-76.  We note that at the temporary hearing, in response to Fannie Mae's argument that res judicata barred the plaintiff "from coming back and arguing these [issues] again," he responded, "[T]hey're saying it be of the same issue I'm bringing back and back and back. . . .  Until I get . . . justice, I'm going to come back again and again . . . ."  This response suggests that the plaintiff indeed is engaged in precisely the sort of repetitive litigation that the doctrine of res judicata was intended to prevent.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**
